IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERCEL OILFIELD PRODUCTS | § | |
| USA L.L.C., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-3139 |
| | § | |
| ALASKAN ENERGY RESOURCES, | § | |
| INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 30] filed by

Defendant Alaskan Energy Resources, Inc. ("AER"), to which Plaintiff Tercel Oilfield

Products USA L.L.C. ("Tercel") filed a Response [Doc. # 39], Defendant filed a Reply

[Doc. # 41], and Plaintiff filed a Sur-Reply [Doc. # 44].  Having reviewed the full

record and applicable legal authorities, the Court **grants** the Motion to Dismiss as to

the breach of contract claim involving certain paragraphs of the Agency Agreement

relating to "Products" as defined in Schedule A to that Agreement, and **denies** the

Motion in all other respects.

## I.    BACKGROUND

Tercel develops and markets oilfield equipment, including drilling bits and

reamers.  One of its reamers is known as the "GunDRILL."

In December 2010, Tercel and AER entered into a Non-Disclosure Agreement ("NDA") in order to "explore a business opportunity." *See* NDA, Exh. 1 to First Amended Complaint [Doc. # 24], p. 1.  The NDA prohibits reverse engineering of anything provided by Tercel to AER, and requires AER to "take all reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of the Confidential Information" provided by Tercel.  *See id.*  The NDA by its terms "shall survive for a period of 3 years from the date of disclosure of the Confidential Information."  *See id.* at 2.

In January 2011, Tercel and AER entered into an Agency Representation Agreement ("Agency Agreement").  Pursuant to the Agency Agreement, Defendant became a sales representative for Plaintiff to "market and promote the sale, and rental" of defined Products in a defined Territory.  *See* Agency Agreement, Exh. 2 to First Amended Complaint, p. 2.  "Products" is defined to mean the products specified in Schedule A, which lists "Encore/DDS/DBI Product Lines."  *See id.*, ¶ 1.7.  It is undisputed that the product lines identified in Schedule A are drill bits, not reamers. "Territory" is defined to mean the territory specified in Schedule C, which identifies the exclusive territory as Alaska, North Dakota, Utah, and Wyoming, and identifies the non-exclusive territory as Pennsylvania, Hawaii, and California.  *See id.*, ¶ 1.11.

Tercel alleges that, after obtaining access to the GunDRILL, AER began marketing its own reamers, known as CHALLENGER reamers.  Tercel alleges that AER developed the CHALLENGER reamers using Plaintiff's confidential information and trade secrets.  Tercel alleges also that AER advertises its CHALLENGER reamers in a deceptive manner, giving a false impression regarding the success of the CHALLENGER reamers and using an image of the GunDRILL reamer in advertising the CHALLENGER.

Tercel filed this lawsuit in October 2013, then filed a First Amended Complaint on December 24, 2013.  Tercel asserts that AER breached the NDA and the Agency Agreement, misappropriated its confidential information and trade secrets, violated the Lanham Act, and engaged in unfair competition under Texas law.  Tercel seeks an accounting, injunctive relief, and monetary damages.

AER moved to dismiss the First Amended Complaint.  The Motion has been fully briefed and is now ripe for decision.

## II.   <u>STANDARD FOR MOTION TO DISMISS</u>

When considering a motion to dismiss, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009).  When there are well-pleaded factual allegations, a court should presume they are true,

even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted, *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington*, 563 F.3d at 147), a complaint must contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678; *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  The complaint need not contain detailed factual allegations, but must include sufficient factual allegations that, when presumed to be true, indicate the plaintiff may have a non-speculative right to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

When deciding a motion to dismiss, the Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).  These documents are ones as to which there is presumably no dispute between the parties.

III.   **ANALYSIS**

A.   **Breach of Contract Claims**

Tercel asserts that AER breached the NDA and the Agency Agreement.  In order to avoid dismissal of a breach of contract claim, Plaintiff must allege the existence of a contract, its own performance or tender of performance, a breach by Defendant, and damages as a result of that breach.  *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. – Houston [14th Dist.] 2000, no pet.)).

***Alleged Breach of the NDA.*** – Tercel alleges that AER acquired confidential information and trade secrets pursuant to the protections provided by the NDA, including the NDA provision that AER "shall not reverse engineer, disassemble or decompile any prototypes, software or other tangible objects" provided by Tercel to AER.  Tercel alleges that AER breached the NDA when it used Tercel's confidential information and trade secrets to develop and market the CHALLENGER reamer.

AER argues that the claim for breach of the NDA should be dismissed because the NDA was cancelled by the Agency Agreement on January 1, 2011.  The Agency Agreement provides specifically that "This Agreement . . . cancels and supersedes any previous agreements, understandings or representations whether written or oral between the parties concerning the Products or the parties' relationship."  *See* Agency

Agreement, ¶ 13.2.  Pursuant to this paragraph of the Agency Agreement, it appears that the NDA was cancelled.

Tercel notes, however, that the definition of "Agreement" in the Agency Agreement includes "this [and] any related agreements" between Tercel and AER. *See id.*, ¶ 1.2.  Tercel argues that the NDA is a related agreement that is included in the definition of "Agreement" and, therefore, was incorporated into and not cancelled by the Agency Agreement.  Whether the NDA is a "related agreement" included within the definition of "Agreement" in the Agency Agreement is not properly decided on the pending Motion to Dismiss.  Tercel alleges, in the First Amended Complaint as supplemented by its Response, that the NDA is a currently valid and existing contract that AER breached.  Tercel alleges that AER's breach of the NDA caused it damages.  Because Tercel has adequately alleged a claim for breach of the NDA, the Motion to Dismiss that claim is **denied**.

***Alleged Breach of the Agency Agreement.***  – AER argues that the Agency Agreement relates only to "Products," which is defined in the Agency Agreement to mean a line of drill bits, not reamers.  Tercel alleges in its Response – although not in the First Amended Complaint – that it and AER agreed to modify the Agency Agreement to include reamers.  Tercel notes that the definition of "Products" provides that it is subject to modification.

Even if the allegations regarding the parties' intent to modify the Agency Agreement were included in the First Amended Complaint, the Agency Agreement provides clearly and unequivocally that "No amendment or variation of this Agreement shall be effective unless in writing and signed by a duly authorized representative of each party." *See* Agency Agreement, ¶ 13.4. Consequently, any alleged agreement to modify the definition of "Products" must be in writing and signed by the parties to be effective. There is no allegation in the Complaint [Doc. # 1] or in the First Amended Complaint that such a writing exists, and there is no indication in Plaintiff's Response to the Motion to Dismiss that Plaintiff has a good faith belief on which to base such an allegation. Therefore, the breach of contract claim to the extent it is based on an alleged violation of any paragraph of the Agency Agreement relating to "Products" is dismissed with prejudice.

Tercel argues correctly, however, that there are allegations in the First Amended Complaint that AER breached paragraphs of the Agency Agreement that are not limited to "Products." For example, Tercel alleges that AER breached paragraph 3.20 of the Agency Agreement which requires AER to inform Tercel "of any changes in its organization or business activities which might affect the performance of its duties under this Agreement." This paragraph is not limited to the "Products." Similarly, Tercel alleges that AER breached paragraph 3.28 of the Agency Agreement, which

provides that AER is "not permitted to conduct in-house or third party testing or analysis of any equipment" supplied by Tercel, or "to supply any product supplied by [Tercel] to any third party for testing or analysis."  This paragraph uses the term "product" (lower case) generically rather than the term "Product" (upper case) as a defined term in the Agency Agreement.  As to these allegations that AER breached paragraphs of the Agency Agreement that are not limited to "Products," Tercel has stated a breach of contract claim and dismissal is denied.

### B.    Misappropriation of Confidential Information/Trade Secrets Claim

To state a viable claim for misappropriation of a trade secret, Plaintiff must allege:  (1) the existence of a trade secret; (2) the trade secret was acquired through the breach of a confidential relationship or was discovered by improper means; (3) Defendant used the trade secret without authorization; and (4) Plaintiff was damaged by Defendant's unauthorized use of the trade secret.  *See Twister B.V. v. Newton Research Partners, LP*, 364 S.W.3d 428, 437 (Tex. App. – Dallas 2012, no pet.); *Rusty's Weigh Scales & Serv., Inc. v. N. Tex. Scales, Inc*., 314 S.W.3d 105, 109 (Tex. App. – El Paso 2010, no pet.).

The Court concludes that Tercel has adequately alleged its claim that AER misappropriated its confidential information and trade secret.  Tercel has adequately alleged the existence of a trade secret that it has carefully protected.  Tercel has

alleged that AER acquired the trade secret in violation of the Agency Agreement, specifically ¶ 3.28.  Tercel has alleged that AER used its trade secret without authorization, thereby causing damage.  AER's Motion to Dismiss this claim is denied.

### C.   Lanham Act and Unfair Competition Claims

Tercel alleges that AER violated federal and Texas law by engaging in deceptive advertising of its CHALLENGER reamer.  To state a claim under the Lanham Act for deceptive advertising, a plaintiff must prove the following: (1) a false or misleading statement of fact about a product; (2) the false or misleading statement either deceived, or had the capacity to deceive a substantial segment of potential consumers; (3) the deception is likely to influence consumers' purchasing decisions; (4) the product is marketed in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the statement.  *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000).  There are two types of actionable statements that can form the basis for a Lanham Act claim of deceptive advertising: (1) statements that are literally false; and (2) statements that, while not literally false, implicitly convey a false impression, or are misleading and likely to deceive consumers.  *See id.*

A Texas unfair competition claim "is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000).  Courts in the Fifth Circuit generally analyze a Lanham Act deceptive advertising claim and a Texas unfair competition claim together. *See Axxiom Mfg., Inc. v. McCoy Inv., Inc.*, 2010 WL 2545584, *7 (S.D. Tex. June 21, 2010) (citing *King v. Ames*, 179 F.3d 370, 374 (5th Cir. 1999)).[1]

Tercel alleges that AER marketed its CHALLENGER reamer in a deceptive manner.  Specifically, Tercel alleges that AER used promotional material that contains an image of a GunDRILL reamer identified as a "WEPS Challenger PDC Reamer." *See* Marketing Flyer, Exh. 8 to First Amended Complaint.  Tercel alleges further that the promotional flyer states "over 3,000,000 feet" reamed while drilling with "over 300" jobs and "100% success," giving a false impression regarding the successful use of CHALLENGER when, in fact, much of the "3,000,000 feet" and the "300 jobs" involved use of the GunDRILL reamer.  These allegations, together with the allegations of materiality, an interstate commerce nexus, and resulting damages,

---

[1]     AER argues that the Texas unfair competition claim should be dismissed because there is no allegation that it engaged in unfair competition in Texas.  Although conduct occurring in Texas may be relevant to the issue of personal jurisdiction, the Court has found no legal authority supporting the argument that conduct in Texas is an element of an unfair competition claim under Texas law.

adequately state a claim of deceptive advertising under the Lanham Act and unfair competition under Texas law. The Motion to Dismiss these two claims is denied.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 30] is **GRANTED** as to the breach of contract claim involving paragraphs of the Agency Agreement relating to "Products" and **DENIED** in all other respects.

SIGNED at Houston, Texas this 19th day of **February, 2014**.

Nancy F. Atlas
United States District Judge